THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES W. LAMB, *v.* THE BOARD OF HEALTH OF LONG ISLAND CITY, Respondent.

*Dismissal by a board of health of a registrar of vital statistics — when reversed.*

The facts and circumstances considered which, upon the return to a writ of certiorari to review the action of a board of health in removing the relator from office as registrar of vital statistics, on the charge of his having violated the instructions of the health officer, and the rules and regulations of the board of health, in causing the mail of the health board to be delivered at his residence, necessitate the reversal of the proceedings, finding and determination of such board of health and the reinstatement of the relator.

CERTIORARI issued out of the Supreme Court and attested October 23, 1893, directed to the board of health of Long Island City, commanding it to return its proceedings in relation to the removal of the relator from the office of registrar of vital statistics of Long Island City.

6 PEOPLE ex rel. LAMB *v.* BOARD OF HEALTH.

Second Department, February Term, 1894. [Vol. 76.

*P. H. McCarren,* for the relator.

*Charles T. Duffy,* for the respondent.

Cullen, J.:

We think that the evidence fails to show a reasonable ground for the dismissal of the relator. The charge itself assigned no very substantial fault on his part. It is to the effect that he caused the mail of the health board to be delivered and received at his residence instead of at the office of the board. The instruction on that subject given to the relator seems not to have been very definite, and there was no refusal by the relator to comply with it, and no contumacy or disrespect on his part. If there was mail delivered at his residence after the conversation with the health officer upon the subject, it seems to have been the act of the mail carrier, who could not find the office of the board open, rather than that of the relator.

Proceedings reversed, with costs, and relator reinstated.

Dykman, J., concurred.

Pratt, J.:

This is a certiorari to review the action of the board of health in removing the relator from office as registrar of vital statistics in Long Island City. The relator was duly qualified and duly appointed and performed the duties thereafter until removed by said respondent.

The charge upon which the relator was removed in substance was " a violation of the instructions of the health officer and the rules and regulations of the board of health." The specification was that he caused the mail of the health board to be delivered at his residence instead of allowing the same to be delivered at the office of said board of health in the City Hall.

We will assume that the board of health had jurisdiction and that the proceedings were regular in form, and consider only the question whether the evidence shows that the relator violated any rule of the board of health or disobeyed any proper order of the health officer which the latter had authority to make.

It is to be observed that it is not contradicted that a large proportion of the mail was addressed to the relator in person, which, in any case, would naturally and properly be delivered at his house.

Again, there is not a scintilla of proof that the relator ever caused any mail matter to be delivered at his house or that he ever prevented any such mail from being delivered at the office of the board of health.

The evidence also fails to show that any rule was ever adopted about the delivery of the mail or notice of any such request ever served on the relator. Neither is it shown that any order of the health officer was ever disobeyed; indeed, the evidence shows that the relator endeavored faithfully to perform the duties of his office; in fact, the inference is plain that the public health was conserved by the relator receiving mail after office hours, especially where it was necessary to grant burial certificates or to attend to the existence of contagious diseases.

It is perfectly plain that there was not a particle of evidence sufficient to sustain a charge that relator was guilty of violating any rule of the board of health or disobedience of any order.

The finding and determining of the board of health must be reversed, with costs, and relator returned to office.

DYKMAN and CULLEN, JJ., concurred.

Finding and determination of the board of health reversed, with costs, and relator restored to his office.